**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 22-50591-CAG** |
| **CHRIS PETTIT & ASSOCIATES, P.C.** | § | |
| | § | **CASE NO. 22-50592-CAG** |
| **CHRISTOPHER JOHN PETTIT** | § | |
| | § | **CHAPTER 11 PROCEEDINGS** |
| **Jointly Administered Debtors.**[1] | § | **(Jointly Administered Under** |
| | § | **Case No. 22-50591-CAG)** |
| | § | |
| | § | |

<u>**TRUSTEE'S MOTION FOR SECTION 506(c) CLAIM**</u>

**TO THE HONORABLE U.S. BANKRUPTCY JUDGE CRAIG A. GARGOTTA:**

COMES NOW Eric Terry, chapter 11 trustee ("Mr. Terry" or the "Trustee") for the estates

(the "Estates") of Christopher John Pettit ("Pettit") and Chris Pettit & Associates, P.C. ("CPA,"

and together with Pettit, the "Debtors") in the above captioned chapter 11 cases (the "Cases") files

this *Motion for Section 506(c) Claim* (this "Surcharge Motion"), pursuant to section 506 of title

11 of the United States Code (as amended, the "Bankruptcy Code"). In support of this Surcharge

Motion, the Trustee respectfully represents to the Court as follows:

**I. INTRODUCTION**

1.      Since August 2022, the Trustee and his professionals have been actively marketing

the property at 555 Argyle Avenue (the "Property") for sale. This process has been costly to the

Estates. For the entire marketing period, the Trustee and his professionals have devoted time and

resources to paying for insurance on the property to insure against any damage arising from the

Estates' ownership of the Property. The Trustee's professionals have regularly visited the Property

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's Social Security Number or Federal Tax Identification Number, as applicable, are:  Chris Pettit & Associates, P.C. (1267), and Christopher John Pettit (9429).

and visually inspected it, identified maintenance issues, arranged for repairs, cleaning, and landscaping. The Trustee's professionals coordinated repairs to the Property's columns, elevators, paint, air conditioning systems, and other issues. The Estates bore the cost of utilities for the Properties for no less than eighteen months while the Property was on the market. The Estates' attorneys and the Trustee devoted significant time and incurred necessary and reasonable fees to ensure the maintenance and care of the Property complied with the Bankruptcy Code and, at all times, benefitted the Property and parties with interests in the Property.

2.      The results of the Trustee's efforts are now visible to parties in interest in these Cases. The Trustee and his professionals have secured a $2.3 million contract for the Property, subject to overbids at an auction. At the beginning of the sale process, the Trustee and parties in interest hoped for a higher sale price. However, after eighteen months on the market, thirty showings, and half a dozen price reductions, the Trustee's process has undeniably maximized the value of the Property and will generate the highest and best available price for the Property. As a result, the Trustee is entitled to surcharge the Property to pay his fees and expenses for maximizing the value of the Property (the "Surcharge Claim").

## II. THE PROPERTY AND MAINTENANCE

3.      On March 6, 2024, the Trustee filed his *Motion for (I) an Order Authorizing and Approving (A) Bid Procedures, Including Approval of Stalking Horse Bidder, (B) Notice of Auction and Sale Hearing, and (C) Related Relief; And (II) an Order Authorizing and Approving (A) the Sale of Real Estate Free and Clear of All Liens, Claims, Encumbrances, and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(B), (F), and (M), and 503, and (B) Granting Related Relief* [ECF No. 1208] (the "Sale Motion"), seeking authority to sell the Property. As more fully described in the Sale Motion, Edward Galt Steves ("Stalking Horse Bidder") made an offer to purchase the Property for $2,300,000.00, which the Trustee accepted.

4.      Wells Fargo National Bank West ("Wells Fargo") asserts it has a lien on the Property. On July 6, 2022, Wells Fargo filed its proof of claim [Claim #15-1 in the Pettit case] alleging that it holds a note secured by the Property. At the time of filing this Surcharge Motion, the Trustee asserts a bona fide dispute to Wells Fargo's purported lien. *See generally Verstuyft, et al. v. Wells Fargo Bank, N.A., et al.*, Adv. No. 22-5039 currently pending in this Court; *see also Armstrong, et al. v. Wells Fargo Bank, N.A., et al.*, Cause No. 2023CI22344 currently pending in the 148th Judicial District Court of Bexar County, Texas.

5.      On August 29, 2022, the Court entered its order approving the employment of Compass RE Texas, LLC, as sponsoring broker, Corie Property Group, as associate broker, and Fred Hutt (together, "Compass") [ECF No. 350]. Compass marketed the Property on the Multiple Listing Service, email blasts, real estate publications, and direct outreach beginning on November 29, 2022 at a listing price of $3,990,000.00. In consultation with the Trustee and his professionals, Compass lowered the listing price six times to a final listing price of $2,800,000.00. In total, Compass showed the Property to thirty prospective buyers and communicated with dozens of other prospective buyers. Further, Compass regularly visited the Property and reported on necessary repairs and maintenance to the Trustee.

6.      The Property is 6,500 sq. ft. and is on a 0.72-acre lot, requiring significant maintenance over the past eighteen months. This includes payments for utilities, insurance, landscaping and yard work, elevator maintenance, and general wear-and-tear maintenance and repairs, all requiring significant attorney time. The Property's value was enhanced by this maintenance. The Stalking Horse Bidder is willing to pay $2,300,000.00 because the Property was properly and well maintained.

7.      For example, in late July 2023, the Property's HVAC unit on the main level needed replacement of the compressor, the capacitor, and thermostat control – costing nearly $5,000.00. With outside temperatures reaching over 100 degrees Fahrenheit, this repair was necessary to properly maintain the Property. Potential purchasers visiting the Property would have been discouraged to learn that the Property's air conditioning was not functioning. Not only would prospective buyers have a poor impression of the Property, but also those extreme temperatures would have impaired the Property itself, potentially causing damage, pest issues, and other value-destructive consequences. Recently, in January 2024, Texas experienced extreme winter conditions and below-freezing temperatures. Accordingly, the Property needed freeze protection to prevent frozen pipes from bursting. This repair was necessary to properly maintain the Property and prevent damage. Had the Trustee not paid for this maintenance, the Property would have fallen into a state of disrepair, impairing value to potential purchasers.

8.      The Surcharge Claim also includes monthly utility expenses for electricity, gas, and water. If the Trustee did not pay these monthly utility expenses, prospective buyers would have visited the Property without lighting, air conditioning, heating, or running water. This would have severely impacted the prospective buyers' impression of the Property and, as a result, the final purchase price for the Property. Letting plumbing go dry frequently results in leaks when reactivated, and electricity was necessary to run climate control, elevator service, and other important features of the Property. Not paying for these services would have caused damage to the Property and impaired the ultimate sale price. Additionally, the Surcharge Claim includes monthly insurance payments as required by statute. *See* 11 U.S.C. § 1112 (b)(4)(C).

9.       Before its withdrawal [ECF No. 911], Dykema Gossett PLLC ("Dykema") incurred over $2,500.00 in fees specifically attributable to the Property[2]. Under Dykema's First Interim Fee Application [ECF No. 692], it discounted it's fees by 10% and the Trustee has reflected this discount in the Surcharge Claim. After Dykema's withdrawal, Wick Phillips Gould & Martin LLP ("Wick Phillips") incurred over $15,000.00 specifically attributable to the Property[3]. Further, Compass made certain utility payments and repair costs on the Property and was subsequently reimbursed by the Trustee. Compass did not charge any interest or fees for its payments on behalf of the Trustee. Likewise, Compass did not charge the Trustee for its time spent visiting and showing the Property.

10.      In total, to preserve and dispose of the Property, the Trustee and his professionals incurred reasonable and necessary fees and expenses as set forth in the table below:

| Total if Property is Sold | | Total if Property is Not Sold | |
|---|---|---|---|
| Dykema Attorneys' Fees | $2,283.30 | Dykema Attorneys' Fees | $2,283.30 |
| Wick Phillips Attorneys' Fees | $15,270.00 | Wick Phillips Attorneys' Fees | $15,270.00 |
| Estates Expenses | $44,213.02 | Estates Expenses | $44,213.02 |
| Mr. Terry's Trustee Commission | $69,000.00 | Eric Terry Law PLLC's Fees | $18,517.50 |
| U.S. Trustee Fee | $18,400.00 | | |
| **TOTAL** | **$149,166.32** | **TOTAL** | **$80,283.82** |

An itemized statement detailing each fee and expense included in the Surcharge Claim is attached hereto as **Exhibit B**. The Trustee and Wick Phillips will incur additional fees and expenses to seek approval of the Sale Motion, including approval of the bid procedures requested in the Sale

---

[2] Dykema incurred an additional $19,768.00 in fees not specifically attributable to the Property but were incurred in relation to the Estates' real property. This amount is not included in the Surcharge Claim. Further, Dykema incurred over $1,500.00 in fees specifically attributable to the Property *after* it filed its First Interim Fee Application [ECF No. 692]. This amount is also not included in the Surcharge Claim.

[3] Wick Phillips incurred an additional $4,121.00 in fees not specifically attributable to the Property but were incurred in relation to the Estates' real property. This amount is not included in the Surcharge Claim.

Motion, and this Surcharge Motion. The Trustee will continue to negotiate with Wells Fargo to resolve its objections to the Sale Motion and this Surcharge Motion.

### III.  ARGUMENT AND AUTHORITIES

11.     Jurisdiction and Venue. This Court has jurisdiction over this Surcharge Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue for this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought by this Surcharge Motion is section 506 of the Bankruptcy Code.

12.     Trustee is entitled to seek recovery from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem taxes with respect to the property. *See* 11 U.S.C. § 506(c); *see also Hartford Underwriter's Insurance Co. v. Union Planters Bank N.A. (In re Hen House Interstate Inc.)*, 530 U.S. 1, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000).

13.     "In order to charge a secured creditor with administrative expenses under § 506(c), three elements must be shown: (1) the expenditure was necessary, (2) the amounts expended were reasonable, and (3) the creditor benefitted from the expenses." *Matter of Delta Towers, Ltd.*, 924 F.2d 74, 76 (5th Cir. 1991).

14.     "Courts have construed the benefit element as requiring the claimant incur the expense primarily for the benefit of the secured creditor and that the expenses resulted in a quantifiable direct benefit to the secured creditor." *Delta Towers*, 924 F.2d at 77; *In re Cascade Hydraulics & Utility Service, Inc.*, 815 F.2d 546, 548 (9th Cir. 1987); *In re Beker Industries Corp.*, 89 B.R. 336, 342 (S.D.N.Y. 1988). The ultimate beneficiary of these efforts in maintaining the Property is Wells Fargo and, to the extent Wells Fargo is paid in full, subordinate secured creditors and ultimately, the Estates.

15.     Further, when "the holder of the secured claim has consented to … preservation by the [trustee] …, the court may treat such consent as an advance acknowledgment that certain of the costs and expenses incurred would benefit such holder…. Consent may also be found to have been impliedly given." *Matter of Senior-G & A Operating Co., Inc.*, 957 F.2d 1290, 1300 (5th Cir. 1992) (*quoting* 3 COLLIER ON BANKRUPTCY ¶ 506.06).

16.     Wells Fargo has been aware, and actively participating in, these Cases from their inception. Further, Wells Fargo regularly contacted the Trustee requesting updates on the marketing and sales process of the Property. *See* **Exhibit C**. At any point, Wells Fargo could have objected to the Trustee's preservation of the Property or could have paid to preserve the Property itself. However, Wells Fargo did not object and impliedly consented to the Trustee's preservation and maintenance of the Property. Wells Fargo cannot reap the benefits of the Trustee's and his professionals' time and labor without reimbursing the Estates for the same. *See In re Von Koester*, No. 11-27778 DHS, 2013 WL 1867713, at *3 (Bankr. D.N.J. Apr. 22, 2013) ("Clearly, but for the Trustee and counsel's efforts, the [secured creditor] would reap the benefits of their actions taken to preserve the collateral and conduct a sale without shouldering any of the costs. This is what is protected by section 506(c).").

17.     The Surcharge Claim was necessary and reasonable. All expenses incurred related to the Property, including landscaping and lawn care, elevator maintenance, general wear-and-tear repairs, monthly utility and insurance payments, and related attorneys' fees, were necessary to maintain the Property for potential buyers. Further, the fees and expenses were heavily discounted, paid without interest, and were reasonable under the circumstances.

18.     The Surcharge Claim includes the Trustee's commission under 11 U.S.C. § 326(a) and the U.S. Trustee's fee under 28 U.S.C. § 1930, *only* if the Property is successfully sold. "While

§ 506(c) does not expressly refer to commissions, the phrase 'costs and expenses of preserving, or disposing of,' collateral would seemingly contemplate payment of commissions." *In the Matter to Stable Assocs.*, 49 B.R. 395, 406 (Bankr. S.D.N.Y. 1985); *see also In re Allen*, 203 B.R. 925, 929 n.5 (W.D. Va. 1997) ("[T]he appropriate procedure appears to be for the trustee to charge his commission to the secured creditor's claim under § 506(c).").

19.     Wells Fargo is statutorily obligated to pay the Surcharge Claim to the Estates but opposes this Surcharge Motion. Accordingly, the Trustee seeks this Court's intervention to compel Wells Fargo to pay the Surcharge Claim to the Estates.

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: March 13, 2024

/s/ *Mallory A. Davis*
Jason M. Rudd, Tex. Bar No. 24028786
Scott D. Lawrence, Tex. Bar No. 24087896
Catherine A. Curtis, Tex. Bar No. 24095708
Mallory A. Davis, Tex. Bar No. 24133121
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, TX 75204
Phone: (214) 692-6200
Fax: (214) 692-6255
Email: jason.rudd@wickphillips.com
      scott.lawrence@wickphillips.com
      catherine.curtis@wickphillips.com
      mallory.davis@wickphillips.com

**COUNSEL FOR ERIC TERRY,
CHAPTER 11 TRUSTEE**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he and Mitchell Buchman, counsel for Wells Fargo National Bank West, an alleged secured claimant, conferred concerning the Motion. Wells Fargo National Bank West is opposed to relief sought in the Motion and has not agreed to pay the Surcharge Claim.

*/s/ Scott D. Lawrence*
Scott D. Lawrence

## CERTIFICATE OF SERVICE

I certify that by March 13, 2024, a copy of the Motion will have been served electronically on all parties registered to receive notice through the Court's ECF service, which parties are listed on the attached ECF Service List, and on the following members of the Creditors' Committee by pdf email to the email addresses listed below and by first class mail on certain other parties on the addresses listed below.

Frank and Emma Persyn Family Limited
Partnership Contact: Loretta Persyn
10018 Tezel Rd.
San Antonio, TX 78254
Email: lorettapersyn@yahoo.com

Bruce Bengel
5502 Pioneer Creek
San Antonio, TX 78245
Email: bbengel@swbell.net

Richard Mylnar
796 S. Highway 16
Jourdanton, TX 78026
Email: rmylnar@yahoo.com

Dr. Salvador Ortiz
c/o Jay H. Ong
Munsch Hardt Kopf & Harr, P.C.
1717 West 6th Street, Suite 250
Austin, TX 78703
jong@munsch.com

Sin Reposo, LLC
c/o Christopher Adams
Okin Adams LLP
1113 Vine Street, Suite 240
Houston, TX 77002

Sharon Rakowitz
c/o David McQuade Liebowitz
Law Offices of David Leibowitz
517 Soledad Street
San Antonio, TX 78205
service@leibowitzlaw.com

Christopher Pettit
Karnes City Detention Facility
810 Commerce Street
Karnes City, TX 78118
Inmate ID: WD20498510

Bexar County Tax Assessor
Attn: Albert Uresti
P.O. Box 839950
San Antonio, TX 78283

Wells Fargo National Bank West
Attn: John R. Callison
Barrett Daffin Frappier Turner & Engel, LLP
4004 Belt Line Road, Suite 100
Addison, TX 75001

Salvador Ortiz Irrevocable Trust
c/o Jay H. Ong
Munsch Hardt Kopf & Harr, P.C.
1717 West 6th Street, Suite 250
Austin, TX 78703
jong@munsch.com

Bossy R, LP
c/o David McQuade Liebowitz
Law Offices of David Leibowitz
517 Soledad Street
San Antonio, TX 78205
service@leibowitzlaw.com

Karen Varns
c/o David McQuade Liebowitz
Law Offices of David Leibowitz
517 Soledad Street
San Antonio, TX 78205
service@leibowitzlaw.com

Agnes Mae Hartman
c/o David McQuade Liebowitz
Law Offices of David Leibowitz
517 Soledad Street
San Antonio, TX 78205
service@leibowitzlaw.com

Peter Rakowitz
c/o David McQuade Liebowitz
Law Offices of David Leibowitz
517 Soledad Street
San Antonio, TX 78205
service@leibowitzlaw.com

James Craig Horan
c/o David McQuade Liebowitz
Law Offices of David Leibowitz
517 Soledad Street
San Antonio, TX 78205
service@leibowitzlaw.com

Gennifer Horan
c/o David McQuade Liebowitz
Law Offices of David Leibowitz
517 Soledad Street
San Antonio, TX 78205
service@leibowitzlaw.com

*/s/ Mallory A. Davis*
Mallory A. Davis

**<u>EXHIBIT A</u>**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHRIS PETTIT & ASSOCIATES, P.C. | § | CASE NO. 22-50591-CAG |
| | § | |
| CHRISTOPHER JOHN PETTIT | § | CASE NO. 22-50592-CAG |
| | § | |
| Jointly Administered Debtors.[4] | § | CHAPTER 11 PROCEEDINGS |
| | § | (Jointly Administered Under |
| | § | Case No. 22-50591-CAG) |
| | § | |
| | § | |

## ORDER GRANTING TRUSTEE'S MOTION FOR SECTION 506(c) CLAIM

Came on for consideration the *Trustee's Motion for a Section 506(c) Claim* (the

"Motion")[5]. The Court, after considering the pleadings, the representations of the parties and their

---

[4] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's Social Security Number or Federal Tax Identification Number, as applicable, are: Chris Pettit & Associates, P.C. (1267), and Christopher John Pettit (9429).

[5] All capitalized terms but not otherwise defined herein shall have the same meanings ascribed in the Motion.

counsel, and the evidence presented at the hearing on the Motion, finds that: (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has the constitutional authority to enter a final order on the Motion; (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (d) proper and adequate notice of the Motion and hearing hereon has been given and no other or further notice is necessary; and (e) good and sufficient cause exists for granting the relief requested set forth herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     The Motion is **GRANTED** to the extent set forth herein.

2.     Within ten (10) days after the entry of this Order, Wells Fargo National Bank West is directed to pay to the Trustee and to the Estates **$80,283.82**, pursuant to 11 U.S.C. § 506(c).

3.     Upon the Trustee's sale of the Property, Wells Fargo National Bank West is directed to pay the Trustee an additional $68,882.50, pursuant to 11 U.S.C. § 506(c), which amount the Trustee may withhold from the proceeds of the sale of the Property.

4.     The relief granted herein is without prejudice to the Trustee seeking additional amounts under 11 U.S.C. § 506(c) to compensate the Estates for reasonable and necessary attorneys' fees, expenses, and costs incurred in maintaining and marketing for sale the Property.

# # # END OF ORDER # # #

PREPARED AND SUBMITTED BY:

Jason M. Rudd, Tex. Bar No. 24028786
Scott D. Lawrence, Tex. Bar No. 24087896
Catherine A. Curtis, Tex. Bar No. 24095708
Mallory A. Davis, Tex. Bar No. 24133121
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, TX 75204
Phone: (214) 692-6200
Fax: (214) 692-6255
Email: jason.rudd@wickphillips.com
scott.lawrence@wickphillips.com
catherine.curtis@wickphillips.com
mallory.davis@wickphillips.com

**COUNSEL FOR ERIC TERRY,
CHAPTER 11 TRUSTEE**

# Exhibit B

| Expenses Incurred Under 11 U.S.C. § 506(c) for 555 Argyle Ave. (the "Property") | | |
|---|---|---|
| **Document** | **Description of Expense** | **Amount** |
| **A. Dykema Attorneys' Fees** | | |
| ECF No. 692, page 38 | Emails re interest in Property | $ 48.00 |
| ECF No. 692, page 64 | Correspondence re rush title searches on Property | $ 105.00 |
| ECF No. 692, page 66 | Prepare wire transfer for rent on Property | $ 70.00 |
| ECF No. 692, page 71 | Retention of broker for Property | $ 70.00 |
| ECF No. 692, page 71 | Coordinate with broker for Property | $ 70.00 |
| ECF No. 692, page 71 | Review broker information on Property | $ 96.00 |
| ECF No. 692, page 71 | Review draft listing paperwork for Property | $ 70.00 |
| ECF No. 692, page 81 | Review email re listing agreement for Property | $ 96.00 |
| ECF No. 692, page 81 | Email re broker agreement for Property | $ 96.00 |
| ECF No. 692, page 94 | Draft and send letter to tenant re lease payments on Property | $ 175.00 |
| ECF No. 692, page 96 | Call Wells Fargo re rent payments on Property | $ 43.00 |
| ECF No. 692, page 96 | Correspondence with Wells Fargo re notice of security interest in Property | $ 35.00 |
| ECF No. 692, page 96 | Review Wells Fargo notice of security interest in Property | $ 35.00 |
| ECF No. 692, page 99 | Email with broker re Property | $ 48.00 |
| ECF No. 692, page 99 | Review RFM letter and title search on Property | $ 144.00 |
| ECF No. 692, page 112 | Call with Wells Fargo re Property | $ 43.00 |
| ECF No. 692, page 113 | Call with insurance agency re insurance on Property; prepare letter agreement for use of cash collateral re same | $ 344.00 |
| ECF No. 692, page 126 | Email re rent for Property | $ 86.00 |
| ECF No. 692, page 126 | Email re tour of Property | $ 86.00 |
| ECF No. 692, page 137 | Call w Fred Hutt, proposed broker for Property | $ 129.00 |
| ECF No. 692, page 147 | Call re insurance payment on Property | $ 129.00 |
| ECF No. 692, page 176 | Review emails from broker on Property | $ 70.00 |
| ECF No. 692, page 195 | Emails on motion to terminate lease on Property | $ 144.00 |
| ECF No. 692, page 195 | Telephone conference with Chambers re Property lease termination | $ 35.00 |
| ECF No. 692, page 233 | Receive and send Property survey plat documents | $ 70.00 |
| ECF No. 692, page 258 | Mark up Property contract | $ 120.00 |
| ECF No. 692, page 260 | Contract matters on the Property | $ 80.00 |
| | **Dykema Attorneys' Fees Total** | **$ 2,537.00** |
| | **10% Discount Under Fee Application [ECF No. 692]** | **$ 253.70** |
| | **A. Dykema Attorneys' Fees Paid** | **$ 2,283.30** |
| **B. Wick Phillips Attorneys' Fees** | | |
| ECF No. 1070, page 34 | Call with Texas Farm Bureau to extend policy on Property | $ 88.50 |
| ECF No. 1070, page 79 | Call re sale of Property | $ 49.50 |
| ECF No. 1070, page 79 | Correspondence with broker re Property | $ 49.50 |
| ECF No. 1070, page 80 | Correspondence re insurance and utility expenses on Property | $ 33.00 |
| ECF No. 1070, page 81 | Correspondence re potential revisions to title for Property | $ 99.00 |
| ECF No. 1070, page 81 | Correspondence re title to Property | $ 99.00 |
| ECF No. 1070, page 93 | Correspondence re ad valorem taxes on Property | $ 49.50 |
| ECF No. 1070, page 93 | Discussion re dispute appraisal of Property | $ 44.25 |
| ECF No. 1070, pages 93-94 | Coordinate with Bexar County to find appraisal of Property | $ 262.50 |
| ECF No. 1070, page 94 | Correspondence re tax appraisal of Property | $ 346.50 |
| ECF No. 1070, page 94 | Prepare document to remove suppression status of Property | $ 50.00 |
| ECF No. 1070, page 128 | Call re sale efforts on Property | $ 115.50 |
| ECF No. 1070, page 165 | Call re insurance on Property | $ 49.50 |
| ECF No. 1070, page 167 | Correspondence re insurance on Property | $ 24.75 |
| ECF No. 1070, page 200 | Call with Texas Farm Bureau to extend policy on Property | $ 103.25 |
| August Invoice, page 47 | Correspondence re Property sales process | $ 396.00 |
| August Invoice, page 47 | Call with broker re sales process | $ 74.25 |
| August Invoice, page 47 | Call with broker re sales process | $ 49.50 |
| October Invoice, page 56 | Correspondence with Wells Fargo re Property sale process | $ 99.00 |
| October Invoice, page 57 | Correspondence with Wells Fargo re Property sale process | $ 99.00 |
| October Invoice, page 57 | Correspondence with Auctioneer re personal items at Property | $ 148.50 |
| October Invoice, page 58 | Call with Wells Fargo re Property | $ 148.50 |

| | | | |
|---|---|---|---|
| November Invoice, page 42 | Correspondences to counsel for Wells Fargo and Trustee regarding Argyle | $ | 198.00 |
| November Invoice, page 66 | Call with Texas Farm Bureau Insurance Co. re notice received regarding coverage for 555 Argyle. | $ | 118.00 |
| December Invoice, page 36 | Portion of Trustee's professionals call re repairs are 555 Argyle. | $ | 29.50 |
| December Invoice, page 60 | Multiple calls and correspondence with Texas Farm Bureau Insurance re coverage at 555 Argyle. | $ | 560.50 |
| January Invoice, page 53 | Analysis of Argyle utility and freeze protection expenses for approval; analysis of Argyle insurance costs for approval. | $ | 163.50 |
| January Invoice, page 53 | Analysis of additional expenses related to Argyle | $ | 218.00 |
| January Invoice, page 53 | Portion of Trustee's professionals meeting re showings at Argyle property. | $ | 103.50 |
| January Invoice, page 53 | Portion of Trustee team call concerning Argyle property; correspondence regarding Argyle offer; call with F.Hutt re same. | $ | 163.50 |
| January Invoice, page 81 | Multiple calls with Texas Farm Bureau Insurance re outstanding balance and payment for 555 Argyle. | $ | 138.00 |
| January Invoice, page 81 | Multiple calls with Texas Farm Bureau Insurance re coverage and payments at 555 Argyle. | $ | 207.00 |
| February Invoice, page 26 | Review invoices and compile all attorneys' fees attributable to 555 Argyle. | $ | 276.00 |
| February Invoice, page 43 | Calls with Trustee and real estate agent regarding Argyle. | $ | 218.00 |
| February Invoice, page 43 | Portion of call with Trustee and Team regarding Argyle disposition. | $ | 54.50 |
| February Invoice, page 43 | Analysis of expenses related to Argyle sale; correspondence with M.Davis re same; calls with J.Rudd and Trustee re same; correspondence with J.Rudd and Trustee re settlement with Wells Fargo related to secured claim on Argyle; correspondence with Wells Fargo counsel re sale efforts and status. | $ | 1,035.50 |
| February Invoice, page 43 | Calls and correspondence with F.Hutt and others regarding sale process. | $ | 109.00 |
| February Invoice, page 43 | Calls and correspondence with F.Hutt regarding Argyle sale process; work with W.Holtz regarding potential contract, title issues, and related matters. | $ | 272.50 |
| February Invoice, page 43 | Calls and correspondence with F.Hutt regarding Argyle offers; call with Trustee re same. | $ | 327.00 |
| February Invoice, page 43 | Phone call with Fred Hutt discussing Argyle offers; review and revise contract and addendum. | $ | 1,188.00 |
| February Invoice, page 43 | Initial analysis regarding and preparation of Argyle sale motion; review and revise Argyle offer stalking horse addendum; calls and correspondence with F.Hutt re same; calls and correspondence with Trustee re same; correspondence with W.Holtz re same. | $ | 1,308.00 |
| February Invoice, page 44 | Review revised Contract and Addendum for 555 Argyle; email correspondence regarding same. | $ | 148.50 |
| February Invoice, page 44 | Revisions to Argyle sale draft motion. | $ | 654.00 |
| February Invoice, page 44 | Email correspondence with Fred Hutt following up on status of Argyle contract. | $ | 99.00 |
| February Invoice, page 44 | Draft Sale and Bid Procedures Motion and proposed Order, Bid Procedures, Sale Notice, and Motion to Expedite and proposed Order. | $ | 1,173.00 |
| February Invoice, page 44 | Portion of Trustee's professionals call re pending offer and sale of 555 Argyle. | $ | 69.00 |
| February Invoice, page 44 | Make revisions to Sale and Bid Procedures Motion and proposed Order, Bid Procedures, Sale Notice, and Motion to Expedite. | $ | 828.00 |

| | | | |
|---|---|---|---|
| February Invoice, page 44 | Review Wick Phillips' invoices, Eric Terry Law's invoices, estate checks, and F.Hutt's invoices to calculate cost of preserving and disposing of 555 Argyle. | $ | 1,276.50 |
| February Invoice, page 44 | Email correspondence and phone call with title company regarding status of title commitment for Argyle. | $ | 198.00 |
| February Invoice, page 44 | Conference with S.Lawrence, L.Lutrell and E.Terry re strategy and negotiations with WF re Argyle sale and surcharge. | $ | 517.50 |
| February Invoice, page 44 | Call with litigation counsel regarding potential deal with Argyle lienholders; correspondences with lienholder's counsel regarding potential short sale; correspondence with Trustee regarding same; correspondence regarding insurance expense for Argyle; call and correspondence with M.Davis and F.Hutt regarding Argyle sale process timing. | $ | 817.50 |
| February Invoice, page 44 | Email correspondence with title company. | $ | 49.50 |
| February invoice, page 56 | Multiple correspondences and call with D.Stecker regarding property tax matters; correspondence with F.Hutt regarding Argyle taxes. | $ | 272.50 |
| **B. Wick Phillips Attorneys' Fees Total** | | **$** | **15,270.00** |
| **C. Estate Expenses** | | | |
| ECF No. 566, ex. 1, page 7; Check #1011 | Texas Farm Bureau Insurance Company | $ | 866.91 |
| Check #1124 | Texas Farm Bureau Insurance Companies | $ | 866.75 |
| 2023.09 Bank Statement - Pettit, page 3; Check #1113 | Texas Farm Bureau Insurance Companies | $ | 866.75 |
| Check #1086 | Texas Farm Bureau Insurance Companies | $ | 866.83 |
| Check #1011 | Texas Farm Bureau Insurance Companies | $ | 866.91 |
| Check #1002 | Texas Farm Bureau Insurance Companies | $ | 866.91 |
| Check #1008 | Texas Farm Bureau Insurance Companies | $ | 866.91 |
| Check #1027 | Texas Farm Bureau Insurance Companies | $ | 866.91 |
| Check #1046 | Texas Farm Bureau Insurance Companies | $ | 866.91 |
| Check #1053 | Texas Farm Bureau Insurance Companies | $ | 866.91 |
| Check #1072 | Texas Farm Bureau Insurance Companies | $ | 866.91 |
| Check #1080 | Texas Farm Bureau Insurance Companies | $ | 866.91 |
| Check #1086 | Texas Farm Bureau Insurance Companies | $ | 866.83 |
| Check #1101 | Texas Farm Bureau Insurance Companies | $ | 866.75 |
| Check #1113 | Texas Farm Bureau Insurance Companies | $ | 866.75 |
| Check #1124 | Texas Farm Bureau Insurance Companies | $ | 866.75 |
| Check #1139 | Texas Farm Bureau Insurance Companies | $ | 866.75 |
| Check #1161 | Texas Farm Bureau Insurance Companies | $ | 876.75 |
| Invoice dated 01/31/2024 | Texas Farm Bureau Insurance Company | $ | 876.75 |
| Invoice dated 02/22/2024 | Texas Farm Bureau Insurance Company | $ | 876.75 |
| March Invoice? | Texas Farm Bureau Insurance Company | $ | 876.75 estimate |
| Check #1109 | Alta Associates, LLC | $ | 6,750.00 |
| Invoice dated 12/18/2023 | Alta Associates, LLC | $ | 4,975.00 |
| ECF No. 82, ex. 1, page 8 | City of Alamo Heights | $ | 259.14 |
| ECF No. 566, ex. 1, page 8; Check #1008 | Corie Properties, LLC | $ | 215.34 |
| Check #1058 | Corie Properties, LLC | $ | 4,649.30 |
| Invoice dated 03/24/2023 | CPS Energy | $ | 224.55 |
| Invoice dated 04/25/2023 | CPS Energy | $ | 224.40 |
| Invoice dated 05/24/2023 | CPS Energy | $ | 276.19 |
| Invoice dated 06/26/2023 | CPS Energy | $ | 495.83 |
| Invoice dated 07/26/2023 | CPS Energy | $ | 819.01 |
| Invoice dated 08/24/2023 | CPS Energy | $ | 815.31 |
| Invoice dated 09/26/2023 | CPS Energy | $ | 861.28 |
| Invoice dated 10/25/2023 | CPS Energy | $ | 461.69 |
| Invoice dated 11/28/2023 | CPS Energy | $ | 163.09 |
| Invoice dated 12/27/2023 | CPS Energy | $ | 109.62 |
| January Invoice? | CPS Energy | $ | 150.00 estimate |

| | | | | |
|---|---|---|---|---|
| February Invoice? | CPS Energy | $ | 150.00 | estimate |
| March Invoice? | CPS Energy | $ | 150.00 | estimate |
| Invoice dated 03/10/2023 | Alamo Heights Water | $ | 90.25 | |
| Invoice dated 04/11/2023 | Alamo Heights Water | $ | 54.24 | |
| Invoice dated 05/19/2023 | Alamo Heights Water | $ | 54.35 | |
| Invoice dated 06/19/2023 | Alamo Heights Water | $ | 54.62 | |
| Invoice dated 07/19/2023 | Alamo Heights Water | $ | 54.35 | |
| Invoice dated 08/15/2023 | Alamo Heights Water | $ | 58.40 | |
| Invoice dated 09/22/2023 | Alamo Heights Water | $ | 54.50 | |
| Invoice dated 10/23/2023 | Alamo Heights Water | $ | 54.48 | |
| Invoice dated 11/21/2023 | Alamo Heights Water | $ | 54.35 | |
| Invoice dated 12/21/2023 | Alamo Heights Water | $ | 84.85 | |
| Invoice dated 01/10/2024 | Alamo Heights Water | $ | 85.59 | |
| February Invoice? | Alamo Heights Water | $ | 85.00 | estimate |
| March Invoice? | Alamo Heights Water | $ | 85.00 | estimate |
| Invoice dated 01/12/2024 | Sunset & Co. Freeze Prevention | $ | 779.27 | |
| Invoice dated 10/24/2023 | Home Elevator of Texas | $ | 649.50 | |
| Invoice dated 11/1/2023 | Home Elevator of Texas | $ | 734.04 | |
| | Yard Work | $ | 700.00 | estimate |
| Invoice dated 11/1/2023 | Ty's Lock and Safe | $ | 487.13 | |
| | **C. Estate Expenses Total** | **$** | **44,213.02** | |
| **D. Mr. Terry's Trustee Fee** | | | | |
| | 3% of purchase price of $2,300,000.00 | $ | 69,000.00 | |
| | **D. Mr. Terry's Trustee Fee Total** | **$** | **69,000.00** | |
| **E. U.S. Trustee's Fee** | | | | |
| | 0.8% of purchase price of $2,300,000.00 | $ | 18,400.00 | |
| | **E. U.S. Trustee's Fee Total** | **$** | **18,400.00** | |
| | | | | |
| | **Total if Propery Sells (A + B + C + D + E)** | **$** | **149,166.32** | |
| | | | | |
| **F. Eric Terry Law PLLC's Fees** | | | | |
| Invoice No. 2191, page 4 | Work on issues related to sale of argyle including demand for appraisal by WF. | $ | 405.00 | |
| Invoice No. 2191, page 4 | Work on issues related to sale of argyle. | $ | 450.00 | |
| Invoice No. 2191, page 5 | Work on issues related to sale of argyle including issues related to possible new offer with cash and real property | $ | 450.00 | |
| Invoice No. 2191, page 5 | Work on issues related to sale of argyle property including maintenance issues and issues related to possible new offer. | $ | 810.00 | |
| Invoice No. 2191, page 6 | Work on issues related to sale of argyle including new interested party and issues related to landscaping. | $ | 585.00 | |
| Invoice No. 2191, page 7 | Work on issues related to sale of argyle. | $ | 225.00 | |
| Invoice No. 2262, page 1 | Work on issues related to sale of argyle … including expenses for insurance | $ | 180.00 | |
| Invoice No. 2262, page 2 | Work on issues related to argyle … insurance | $ | 135.00 | |
| Invoice No. 2262, page 4 | Work on issues related to insurance on argyle | $ | 135.00 | |
| Invoice No. 2262, page 5 | Work on issues related to sale of argyle. | $ | 225.00 | |
| Invoice No. 2311, page 4 | Work on issues related to sale of argyle including maintence expenses. | $ | 585.00 | |
| Invoice No. 2311, page 5 | Work on issues related to sale of argle. | $ | 495.00 | |
| Invoice No. 2311, page 5 | Work on issues related to sale of argyle including price reduction and maintenance expenses. | $ | 810.00 | |
| Invoice No. 2395, page 2 | Work on issues related to sale of argyle including analysis of new offer. | $ | 495.00 | |
| Invoice No. 2395, page 4 | Work on disbursements including for argyle | $ | 135.00 | |
| Invoice No. 2395, page 5 | Work on issue related to sale of argyle. | $ | 405.00 | |
| Invoice No. 2395, page 5 | Work on issues related to sale of argyle … and lowering listing price. | $ | 337.50 | |
| Invoice No. 2419, page 1 | Work on issues related to sale of argyle… including analysis of showings and maintenance issues. | $ | 360.00 | |

| | | | |
|---|---|---|---|
| Invoice No. 2419, page 4 | Work on issues related to sale of argyle. | $ | 360.00 |
| Invoice No. 2419, page 4 | Work on issues related to sale of argyle. | $ | 405.00 |
| Invoice No. 2470, page 2 | Work on issues related to sale of argyle in response to WF's inquiry | $ | 450.00 |
| Invoice No. 2470, page 2 | Work on issues related to sale of argyle including new showing with interested buyer. | $ | 360.00 |
| Invoice No. 2470, page 4 | Work on issues related to maintenance of argyle and sale issues. | $ | 585.00 |
| Invoice No. 2470, page 4 | Work on issues related to sale of argyle. | $ | 225.00 |
| Invoice No. 2470, page 5 | Work on issues related to sale of argyle including maintenance issues. | $ | 270.00 |
| Invoice No. 2470, page 5 | Work on issues related to sale of argyle including property tax issues. | $ | 585.00 |
| Invoice No. 2514, page 2 | Work on issues related to argyle incuding issues related to extension of listing agreement. | $ | 225.00 |
| Invoice No. 2514, page 3 | Work on issues related to sale of argyle including insurance issues. | $ | 270.00 |
| Invoice No. 2514, page 4 | Work on issues related to sale of argyle including listing price. | $ | 360.00 |
| Invoice No. 2514, page 5 | Work on issues related to sale and maintenance of argyle including insurance payment. | $ | 450.00 |
| Invoice No. 2592, page 1 | Work on disbursement for argyle insurance | $ | 360.00 |
| Invoice No. 2592, page 3 | Work on issues related to sale of argyle including issues related to maintenance costs. | $ | 360.00 |
| Invoice No. 2592, page 4 | Work on disbursements for … argyle. | $ | 225.00 |
| Invoice No. 2592, page 4 | Work on issues related to sale and maintenance of argyle. | $ | 450.00 |
| Invoice No. 2592, page 5 | Work on issues related to argyle including issues related to texas farm erroneous reconcilliation of payments for insurance. | $ | 675.00 |
| Invoice No. 2592, page 5 | Work on issues related to argyle including TX farm bureau improper demand letter. | $ | 720.00 |
| Invoice No. 2667, page 3 | Work on issues related to maintenance and marketing of argyle property. | $ | 990.00 |
| Invoice No. 2667, page 3 | Work on maintenance issues and marketing issues for argyle property. | $ | 855.00 |
| Invoice No. 2667, page 3 | Work on expenses for argyle. | $ | 450.00 |
| Invoice No. 2667, page 3 | Work on reimbursements for argyle maintenance and issues related to marketing and possible offer. | $ | 855.00 |
| Invoice No. 2667, page 4 | Work on issues related to offer on argyle. | $ | 495.00 |
| Invoice No. 2667, page 5 | Work on issues related to insurance for argyle. | $ | 315.00 |
| | **F. Eric Terry Law PLLC's Fee Total** | **$** | **18,517.50** |
| | | | |
| | **Total if Property Does Not Sell (A + B + C + F)** | **$** | **80,283.82** |

# Exhibit C

| | |
|---|---|
| **From:** | Mitchell Buchman |
| **To:** | Scott Lawrence |
| **Cc:** | Bo Banks; Jason Rudd |
| **Subject:** | RE: [External] RE: Chris Pettit; Case #22-50591; 555 Argyle Ave, San Antonio, Texas |
| **Date:** | Monday, October 9, 2023 12:46:00 PM |
| **Attachments:** | image003.png |

Thank you for the update

Mitchell J. Buchman
Senior Attorney
Barrett Daffin Frappier Turner & Engel, LLP
1900 St. James Place, Suite 500
Houston, Texas 77056
(713) 693-2014
(713) 693-2011 (FAX)
mitchelb@bdfgroup.com
PLEASE BE ADVISED THAT THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

IF YOU NO LONGER WISH TO RECEIVE CORRESPONDENCE AT THIS EMAIL ADDRESS PLEASE NOTIFY THE SENDER OF THIS EMAIL AND OUR OFFICE AT HAD@BDFGROUP.COM



**From:** Scott Lawrence <scott.lawrence@wickphillips.com>
**Sent:** Monday, October 9, 2023 12:40 PM
**To:** Mitchell Buchman <MitchelB@bdfgroup.com>
**Cc:** Bo Banks <BoB@bdfgroup.com>; Jason Rudd <jason.rudd@wickphillips.com>
**Subject:** RE: [External] RE: Chris Pettit; Case #22-50591; 555 Argyle Ave, San Antonio, Texas

Hi Mitchell:

Our agent has shown the house multiple times since our last update, including a showing last Tuesday, another two days ago, and another scheduled for today. We have not had any offers since our last update.

On September 6, we reduced the list price from $3.4 million to $3.2 million (it looks like we were still at $3.6 million at our last update below). We will continue to work the market to find a buyer and maximize the estate's returns on the property. We have performed and paid for all maintenance and upkeep costs up to this point, including some air conditioning repairs and landscaping as needed.

Best,

**Scott Lawrence**
Partner | Wick Phillips

Direct:  214.420.4449
Mobile:  405.205.6340
scott.lawrence@wickphillips.com

---

**From:** Mitchell Buchman <MitchelB@bdfgroup.com>
**Sent:** Friday, October 6, 2023 1:21 PM
**To:** Scott Lawrence <scott.lawrence@wickphillips.com>
**Cc:** Bo Banks <BoB@bdfgroup.com>; Jason Rudd <jason.rudd@wickphillips.com>
**Subject:** RE: [External] RE: Chris Pettit; Case #22-50591; 555 Argyle Ave, San Antonio, Texas


Thank you.

Mitchell J. Buchman
Senior Attorney
Barrett Daffin Frappier Turner & Engel, LLP
1900 St. James Place, Suite 500
Houston, Texas 77056
(713) 693-2014
(713) 693-2011 (FAX)
mitchelb@bdfgroup.com
PLEASE BE ADVISED THAT THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

IF YOU NO LONGER WISH TO RECEIVE CORRESPONDENCE AT THIS EMAIL ADDRESS PLEASE NOTIFY THE SENDER OF THIS EMAIL AND OUR OFFICE AT HAD@BDFGROUP.COM



---

**From:** Scott Lawrence <scott.lawrence@wickphillips.com>
**Sent:** Friday, October 6, 2023 1:16 PM
**To:** Mitchell Buchman <MitchelB@bdfgroup.com>
**Cc:** Bo Banks <BoB@bdfgroup.com>; Jason Rudd <jason.rudd@wickphillips.com>
**Subject:** RE: [External] RE: Chris Pettit; Case #22-50591; 555 Argyle Ave, San Antonio, Texas


Hi Mitchell: I have asked the agent for an update on the process, I will relay to you when I have it.


Scott Lawrence
Partner | Wick Phillips
Direct:  214.420.4449
Mobile:  405.205.6340
scott.lawrence@wickphillips.com

---

**From:** Mitchell Buchman <MitchelB@bdfgroup.com>
**Sent:** Thursday, October 5, 2023 12:44 PM
**To:** Scott Lawrence <scott.lawrence@wickphillips.com>
**Cc:** Bo Banks <BoB@bdfgroup.com>; Jason Rudd <jason.rudd@wickphillips.com>

**Subject:** RE: [External] RE: Chris Pettit; Case #22-50591; 555 Argyle Ave, San Antonio, Texas

Scott:

Has the trustee made any progress selling my client's collateral?

Mitchell J. Buchman
Senior Attorney
Barrett Daffin Frappier Turner & Engel, LLP
1900 St. James Place, Suite 500
Houston, Texas 77056
(713) 693-2014
(713) 693-2011 (FAX)
mitchelb@bdfgroup.com
PLEASE BE ADVISED THAT THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

IF YOU NO LONGER WISH TO RECEIVE CORRESPONDENCE AT THIS EMAIL ADDRESS PLEASE NOTIFY THE SENDER OF THIS EMAIL AND OUR OFFICE AT HAD@BDFGROUP.COM



---

**From:** Mitchell Buchman
**Sent:** Friday, September 22, 2023 9:25 AM
**To:** 'Scott Lawrence' <scott.lawrence@wickphillips.com>
**Cc:** Bo Banks <BoB@bdfgroup.com>; Jason Rudd <jason.rudd@wickphillips.com>
**Subject:** RE: [External] RE: Chris Pettit; Case #22-50591; 555 Argyle Ave, San Antonio, Texas

Scott:

Can you provide any updates on the trustee's efforts to sell the property at 555 Argyle Ave, San Antonio, Texas.  Has the trustee recent any realistic offers for the purchase of the property?

Mitchell J. Buchman
Senior Attorney
Barrett Daffin Frappier Turner & Engel, LLP
1900 St. James Place, Suite 500
Houston, Texas 77056
(713) 693-2014
(713) 693-2011 (FAX)
mitchelb@bdfgroup.com
PLEASE BE ADVISED THAT THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

IF YOU NO LONGER WISH TO RECEIVE CORRESPONDENCE AT THIS EMAIL ADDRESS PLEASE NOTIFY

THE SENDER OF THIS EMAIL AND OUR OFFICE AT HAD@BDFGROUP.COM



**From:** Scott Lawrence <scott.lawrence@wickphillips.com>
**Sent:** Wednesday, August 2, 2023 5:53 AM
**To:** Mitchell Buchman <MitchelB@bdfgroup.com>
**Cc:** Bo Banks <BoB@bdfgroup.com>; Jason Rudd <jason.rudd@wickphillips.com>
**Subject:** RE: [External] RE: Chris Pettit; Case #22-50591; 555 Argyle Ave, San Antonio, Texas

Mitchell:

The current list price for 555 Argyle is $3,600,000. We have occasional showings; 5 in last 30 days. We have a couple offers from weeks ago that were $2,000,000 and 2,200,000, but the Trustee considered those to be too low and did not pursue them. We had an Alamo Heights Historical Open House on Saturday July 22 which 37 people attended. We are likely going to reduce the list price in the next few days.

Best,

**Scott Lawrence**
Partner | Wick Phillips
Direct:  214.420.4449
Mobile:  405.205.6340
scott.lawrence@wickphillips.com

**From:** Scott Lawrence <scott.lawrence@wickphillips.com>
**Sent:** Wednesday, July 26, 2023 11:36 AM
**To:** Umari, Basil <BUmari@dykema.com>; Mitchell Buchman <MitchelB@bdfgroup.com>
**Cc:** Bo Banks <BoB@bdfgroup.com>; Jason Rudd <jason.rudd@wickphillips.com>
**Subject:** RE: [External] RE: Chris Pettit; Case #22-50591; 555 Argyle Ave, San Antonio, Texas

Thanks, Basil.

Mitchell, we have had some showings and conducted an open house last weekend. I will reach out to the broker for a more detailed report.



**Scott Lawrence** | Partner
3131 McKinney Avenue, Suite 500
Dallas, TX 75204
Direct:  214.420.4449 | Mobile: 405.205.6340
Fax:     214.692.6255
www.wickphillips.com

**From:** Umari, Basil <BUmari@dykema.com>
**Sent:** Wednesday, July 26, 2023 11:35 AM
**To:** Mitchell Buchman <MitchelB@bdfgroup.com>
**Cc:** Bo Banks <BoB@bdfgroup.com>; Jason Rudd <jason.rudd@wickphillips.com>; Scott Lawrence <scott.lawrence@wickphillips.com>
**Subject:** [External] RE: Chris Pettit; Case #22-50591; 555 Argyle Ave, San Antonio, Texas

Mitchell,

Dykema no longer represents the Trustee.  Jason Rudd and Scott Lawrence, cc'd, do now.

Basil

**Basil A. Umari**
Senior Counsel

D 713-904-6883 ▪ M 713-392-1974
BUmari@dykema.com ▪ dykema.com

**BIO   VCARD**

5 Houston Center
1401 McKinney Street, Suite 1625
Houston, Texas 77010



*** Notice from Dykema Gossett PLLC: This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom it is addressed. If you have received this in error, please (1) do not forward or use this information in any way; and (2) contact me immediately.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

**From:** Mitchell Buchman <MitchelB@bdfgroup.com>
**Sent:** Wednesday, July 26, 2023 10:17 AM
**To:** Umari, Basil <BUmari@dykema.com>
**Cc:** Bo Banks <BoB@bdfgroup.com>
**Subject:** Chris Pettit; Case #22-50591; 555 Argyle Ave, San Antonio, Texas

**\*\*\* EXTERNAL\*\*\***

Basil:

I hope you and your family are doing well.

As you know I represent Wells Fargo Bank West in connection with the lien on the property located at 555 Argyle Avenue.  Can you please provide me with an update on the progress of the trustee's efforts to sell my client's collateral.  Has the trustee received any offers in the last six months.  If he has, what amounts have been offered for the property.  I would also like to know what the current list price is for the property.

Thank you in advance for your assistance.

Mitchell J. Buchman
Senior Attorney
Barrett Daffin Frappier Turner & Engel, LLP
1900 St. James Place, Suite 500
Houston, Texas 77056
(713) 693-2014
(713) 693-2011 (FAX)
mitchelb@bdfgroup.com
PLEASE BE ADVISED THAT THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

IF YOU NO LONGER WISH TO RECEIVE CORRESPONDENCE AT THIS EMAIL ADDRESS PLEASE NOTIFY THE SENDER OF THIS EMAIL AND OUR OFFICE AT HAD@BDFGROUP.COM



Notice of Confidentiality

This e-mail message and attachments, if any, are intended solely for the use of the addressee hereof. In addition, this message and attachments, if any, may contain information that is confidential, privileged and exempt from disclosure under applicable law. If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating, or otherwise using this transmission. Delivery of this message to any person other than the intended recipient is not intended to waive any right or privilege. If you have received this message in error, please promptly notify the sender by e-mail and immediately delete this message from your system.

Notice of Confidentiality

This e-mail message and attachments, if any, are intended solely for the use of the addressee hereof. In addition, this message and attachments, if any, may contain information that is confidential, privileged and exempt from disclosure under applicable law. If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating, or otherwise using this transmission. Delivery of this message to

any person other than the intended recipient is not intended to waive any right or privilege. If you have received this message in error, please promptly notify the sender by e-mail and immediately delete this message from your system.

Notice of Confidentiality

This e-mail message and attachments, if any, are intended solely for the use of the addressee hereof. In addition, this message and attachments, if any, may contain information that is confidential, privileged and exempt from disclosure under applicable law. If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating, or otherwise using this transmission. Delivery of this message to any person other than the intended recipient is not intended to waive any right or privilege. If you have received this message in error, please promptly notify the sender by e-mail and immediately delete this message from your system.

Notice of Confidentiality

This e-mail message and attachments, if any, are intended solely for the use of the addressee hereof. In addition, this message and attachments, if any, may contain information that is confidential, privileged and exempt from disclosure under applicable law. If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating, or otherwise using this transmission. Delivery of this message to any person other than the intended recipient is not intended to waive any right or privilege. If you have received this message in error, please promptly notify the sender by e-mail and immediately delete this message from your system.