**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE No. 22-50591-CAG** |
| | § | |
| **CHRIS PETTIT & ASSOCIATES, P.C.** | § | **CASE No. 22-50592-CAG** |
| | § | |
| **CHRISTOPHER JOHN PETTIT,** | § | **CHAPTER 11 PROCEEDINGS** |
| | § | **(Jointly Administered under** |
| **Jointly Administered Debtors.** | § | **Case No. 22-50591-CAG)** |

| | | |
|---|---|---|
| **ERIC TERRY, in his capacity as** | § | |
| **CHAPTER 11 TRUSTEE for the** | § | |
| **DEBTORS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | **Adversary Proceeding No. _____** |
| | § | |
| **FROST BANK,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

COMES NOW, Plaintiff, Eric Terry, as Chapter 11 Trustee for the Debtors ("Plaintiff" or "Trustee"), by and through his counsel of record, files this Original Complaint against Defendant, Frost Bank ("Defendant" or "Frost"), and respectfully shows as follows:

**I.**
**INTRODUCTION**

Frost enjoyed a long, fruitful business relationship with Christopher Pettit ("Pettit"), a disgraced attorney, fraudster, and money launderer. Through several accounts with Frost (the "Frost Accounts"), Pettit conducted a fraudulent scheme misappropriating money belonging to his clients and his law firm, Chris Pettit & Associates, P.C. ("CP&A" and collectively with Pettit, the

"Debtors"). In connection with his illegal activities across his Frost Accounts, Pettit fraudulently transferred more than $1 million in fees, charges, and loan payments to Frost. Accordingly, the Trustee brings suit to avoid and recover those fraudulent transfers.

## II.
## PARTIES

1.        The Trustee is an individual appointed Chapter 11 Trustee for the Estate of Chris Pettit & Associates, P.C. by the Honorable Craig Gargotta in Cause No. 22-50591, In re Chris Pettit & Associates, P.C., in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

2.        Frost is a state charted financial institution organized under the laws of the State of Texas and doing business in Texas. Frost may be served with this Complaint by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever else it may be found.

## III.
## JURISDICTION AND VENUE

3.        This Court has jurisdiction of this Adversary Proceeding under 28 U.S.C. §§ 1334 and 157. This Adversary Proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (H), and (O). Moreover, the Trustee consents to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

4.        Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409(a) because the Debtors' bankruptcy cases are pending before this Court.

## IV.
## FACTUAL BACKGROUND

**A.      Christopher Pettit ("<u>Pettit</u>") Is a Disgraced Former Lawyer.**

5.      Pettit graduated from law school and was licensed to practice law in the State of Texas in November 1991.  Pettit began practicing law in San Antonio, Texas and focused his practice in the areas of wills & estates, probate, and personal injury.  Pettit formed CP&A in 1996. Though Pettit was the sole shareholder of CP&A, Pettit was not the only lawyer employed by CP&A.  CP&A employed at least 20 people including lawyers, paraprofessionals, and office personnel in furtherance of the business of CP&A. CP&A, at all times during the period in question, operated as a separate legal entity, duly formed and authorized to transact business in the State of Texas. Pettit developed a niche market through the hosting of estate planning seminars, primarily in Bexar and the surrounding counties, focusing his efforts on rural agricultural communities and the burgeoning wealth attendant to the Eagle Ford Shale region of South Texas. As Pettit's reputation grew, the services that were offered through CP&A expanded from traditional legal services to include investing, tax preparation, and 1031 Exchange Agent services. It was through these services that Pettit concocted a fraudulent scheme to harm clients, CP&A, and creditors for years. Pettit finally pleaded guilty to three counts of money laundering and three counts of wire fraud.[1]

6.      Based upon information and belief, Pettit began his scheme to avail himself of the assets and opportunities of CP&A and the clients of CP&A around 2007, a decade after the formation of CP&A.  Pettit used various community banks in the greater San Antonio metropolitan area to take advantage of CP&A, and many of the dozens of clients that filed proofs of claim in

---

[1] *See* Press Release, Former San Antonio Lawyer Pleads Guilty to Wire Fraud, Money Laundering (Oct. 6, 2023), https://www.justice.gov/usao-wdtx/pr/former-san-antonio-lawyer-pleads-guilty-wire-fraud-money-laundering#:~:text=Pettit%20pleaded%20guilty%20to%20three,for%20the%20money%20laundering%20counts.

the Pettit and CP&A bankruptcy proceedings, of their hard-earned resources. Pettit opened accounts for CP&A at Frost Bank (among others) to further his scheme to defraud the clients and 1031 Exchange counterparties of CP&A. Pettit used the CP&A funds on deposit at Frost to pay his personal debts, including more than $1 million in loan payments to Frost and more than $11 million to American Express.

**B.      Frost Enabled Pettit to use Frost Accounts to Accomplish His Fraudulent Scheme.**

      **i.       Frost participated with and profited from Pettit.**

7.      Frost, by and through its employees, including Stacy Pozza, solicited the Debtors to open accounts at Frost, to include Frost brokerage accounts as collateral for a line of credit that would be provided to Pettit. During this time, CP&A also opened up an account at Frost, which would serve as an "Estate Management Account" which Pettit disclosed to Frost would be used as an IOLTA alternative, but that through this account, clients would not have to pay increased interest to the State Bar of Texas. At the same time, Pettit instructed Frost to open additional operating accounts for Piccoli Properties, Inc. and Oak Hills Financial Group, Inc., which both managed Pettit's rental properties.

8.      Pettit opened at least eleven (11) accounts at Frost, including personal checking accounts, IOLTA accounts, an Estate Management account, and money market accounts, among others, and facilitated more than $200 million in deposits across the accounts throughout the years. With access to such a large cash flow, Frost was more than willing and eager to ensure Pettit was a happy customer and turn a blind eye to what was clearly apparent questionable activity. The Estate Management account alone saw more than $126 million in deposits. Pettit's activities across the accounts at Frost demonstrated many red flags that were known or should have been known by Frost, including without limitation (the "Red Flags"):

- More than 150 overdraft occurrences and more than 50 returned items across the Frost accounts;

- Payments to the Frost loan and to American Express from IOLTA and Estate Management accounts;

- Redepositing approximately $944,000 worth of checks from the Estate Management account into the Estate Management account;

- Deposits totaling more than $100,000 from the Estate Management Account to a Frost brokerage account owned and operated by Pettit; and

- Teller withdrawals from the IOLTA and Estate Management accounts.

9.     On information and belief, Frost was a willing participant in Pettit's scheme to defraud CP&A and CP&A Clients because Pettit showed great potential for running millions, if not billions of dollars, through the accounts he controlled at Frost. As identified in the emails, Frost was aware of Red Flags committed by Pettit, yet did nothing about it. One key example is in June of 2015, when Stacy Pozza, one of Pettit's primary contacts at Frost, identified that Pettit had been taking out unexplainable cash withdrawals, that had been marked as client advances, with absolutely no explanation as to which clients were actually receiving the money. Rather than force Pettit to correct his issues, Frost simply informed Pettit to start using checks so as not to raise any eyebrows on Pettit's unexplainable cash advances, which was likely done because Frost "greatly" valued the business that Pettit was giving them:

> On Jun 18, 2015, at 6:10 PM, Larson, Stacy Pozza < stacy.pozzalarson@frostbank.com> wrote:
>
> Hi Chris,
>
> I hope you are doing well and enjoying the start of summer!
>
> Quick request for you – if possible, would you mind adding to the memo line of your withdrawals the names of the clients you are doing the transaction for. It is for BSA purposes.
>
> Thank you so much for your help and cooperation.  We greatly value your business!
>
> Best,
> Stacy

When confronted with Pettit's displeasure of not being able to do cash withdrawals in the future, Frost, instead of instructing Pettit to follow proper protocol, instructed Pettit that he did not have

to discontinue his unexplainable behavior, but to keep his unexplainable behavior under $10,000.01 so as not to raise eyebrows:



10.    To maintain and keep the lucrative business arrangement between Pettit and Frost, Frost pulled out all the stops, including, but not limited to:

- Teaching Pettit how to pursue his scheme without being detected.

- Ignoring large volume transactions and wire transfers that would be considered Red Flags.

- Ignoring huge unexplainable discrepancies in Pettit's financials.

- Making frequent exceptions for Pettit that are not normally allowed or offered to other customers.

- Watching and following Pettit's instruction to remove money from IOLTA accounts for "case expenses" without any explanation of what the expense was for or what client the expense related to.

- Assisting Pettit from being detected while his accounts began to be overdrawn.

- Allowing Pettit to transfer funds from an IOLTA account to cover funding various wire transfers without any explanation whatsoever.

- Assisting Pettit in paying American Express bills through an IOLTA account, all while knowing the purpose of IOLTA accounts.

- Assisting Pettit in making payments from an IOLTA account to pay for other overdrawn accounts Pettit held at Frost.

- Assisting Pettit in securing million-dollar loans even though Frost was aware of discrepancies in Pettit's financials – these loans would actually allow Pettit to maintain his commercial property for CP&A.

In fact, the evidence shows that as soon as Pettit showed any sign of displeasure, Frost willfully turned a blind eye and gave Pettit whatever he wanted.

11.     On information and belief, Frost would encourage its employees to solicit new accounts, maintain large accounts, and promote account transfers. Upon information and belief, Frost would do so by offering its employees, commissions, bonuses, and other rewards. Upon information and belief, the more accounts at Frost, the larger accounts at Frost, and the increase in account transfers at Frost, equated to an opportunity for more profit for Frost.

### ii.     Frost Is Required to Know its Customers.

12.     It is a fundamental tenet of banking that banks are required to know their customers and understand their customers' banking behavior. *See* 31 C.F.R. §§ 1020.220(a)(1) and (2).  This provision is commonly referred to as the "Know Your Customer Rule" (the "KYC Rule").  Frost is also required to develop, administer, and maintain a program to ensure compliance with federal Anti-Money-Laundering ("AML") laws. As illustrated above, through the actions of Frost, its employees, and Pettit's own confessions, Frost willfully failed hold heartedly at its job. Frost ignored both the KYC Rule and AML laws when it came to Pettit.

13.     The federal government established the Federal Financial Institutions Examination Council ("FFIEC") in 1979. Frost receives guidance from the FFIEC, which is tasked with ensuring consistency in AML compliance efforts across the banking sector. FFIEC publications

describe certain "red flags" that indicate money laundering schemes and other misconduct mandating further inquiry. Examples of these suspicious indicia relevant to the banking activities of Pettit at Frost include:

- "Many funds transfers are sent in large, round dollar, hundred-dollar, or thousand-dollar amounts."

- "Funds transfer activity is unexplained, repetitive, or shows unusual patterns."

- "Unusual use of trust funds in business transactions or other financial activity."

- "A large volume of … funds transfers are deposited into … an account when the nature of the accountholder's business would not appear to justify such activity."

- "Payments to or from the company have no stated purpose, do not reference goods or services, or identify only a contract or invoice number."

- "Funds transfers contain limited content and lack related party information."

- "Unusual transfers of funds occur among related accounts or among accounts that involve the same or related principals."

- "Customer has established multiple accounts in various corporate or individual names that lack sufficient business purpose for the account complexities or appear to be an effort to hide the beneficial ownership from the bank."

- "A large number of incoming or outgoing funds transfers take place through a business account, and there appears to be no logical business or other economic purpose for the transfers, particularly when this activity involves higher-risk locations." [2]

14.     The activities across the Frost accounts began to reflect many common—and actually glaring—signs of money laundering and fraud, all of which Frost knowingly assisted, permitted, allowed, and/or turned a blind eye to.  But Frost chose not to terminate its relationship

---

[2] **Exhibit A** - FFIEC Red Flags at pp. 1-9.

with Pettit and instead continued providing banking services to Pettit until April 28, 2021, when Frost conducted an internal review on the reasons for another unexplained overdraft.

**C.     Frost Failed to Stop Pettit in Favor of Front's Own Financial Gain.**

15.     Eric B. Terry was appointed the Chapter 11 Trustee of the Estate of CP&A on June 13, 2022 [ECF No. 39].  On August 10, 2022, Judge Gargotta entered an Order Granting Chapter 11 Trustees' Motion for (I) Turnover of Funds In Debtors' Bank, Brokerage, Investment, Savings and Other Financial Accounts, (II) Turnover of Bank Account And Other Financial Account Information And Documents and (III) Related Relief [ECF 304] (the "Account Disclosure Order"). Following the entry of the Account Disclosure Order, the Trustee obtained possession of the account statements from Frost, among other financial institutions. The records reveal that, through Pettit, Frost obtained a customer capable of making more than $200 million in deposits, more than $50,000 in overdraft, service, and wire charges (the "Bank Fees," **Exhibit B**), and more than $1 million in loan payments (the "Loan Payments," **Exhibit C**).[3]

16.     In September of 2023, Pettit pleaded guilty to three counts of wire fraud and money laundering related to the theft of approximately $65,000,000.00. The Debtors' fraud would not have been possible without the assistance, allowance, and willfully blind acts of Frost. In fact, it was not until April 28, 2021, when Frost, through the actions of Joseph Rhodes, a Frost employee that had never had prior dealings with Pettit, refused to fall into compliance with others at Frost and refused to turn a blind eye toward Pettit's actions, something that should have and could have been done years earlier had greed not gotten to Frost.

---

[3] Deposits are important to banks, which use the deposits to fund loans and investments. Therefore, deposits are often the primary funding source for banks and have a significant impact on a bank's liquidity.

# V.
## CAUSES OF ACTION

**A.      Fraudulent Transfer (Bankruptcy Code § 548(a)(1)(A))**

17.      The Trustee restates and realleges each paragraph above as if fully set forth herein.

18.      The Debtors transferred the Fees and Loan Payments to Frost with actual intent to hinder, delay, and defraud their creditors.

19.      Frost did not receive the transferred Fees and Loan Payments in good faith but instead knew or should have known that Pettit was operating a fraud and money laundering operation.

20.      Accordingly, the Trustee seeks the avoidance of the Fees and Loan Payments under section 548(a)(1)(A) of the Bankruptcy Code.

**B.      Fraudulent Transfer (Bankruptcy Code § 548(a)(1)(B))**

21.      The Trustee restates and realleges each paragraph above as if fully set forth herein.

22.      The Debtors transferred the Fees and Loan Payments to Frost from funds that were otherwise available to pay to their creditors.

23.      The Debtors were insolvent at the time the Fees and Loan Payments were transferred to Frost.

24.      The Debtors did not receive reasonably equivalent value for the Transfers.

25.      Accordingly, the Trustee seeks the avoidance of the Fees and Loan Payments under section 548(a)(1)(B) of the Bankruptcy Code.

**C.     Recovery Of Fraudulent Transfer (Bankruptcy Code § 550(a)(1)– (2))**

26.     The Trustee restates and realleges each paragraph above as if fully set forth herein.

27.     The Trustee requests the recovery of the avoided Fees and Loan Payments under section 550(a)(1) -(2) of the Bankruptcy Code by way of money judgment against Frost and turnover of any assets of Frost as identifiable proceeds of the transfers.

**D.     Fraudulent Transfer (Texas Uniform Fraudulent Transfer Act, "TUFTA")**

28.     The Trustee restates and realleges each paragraph above as if fully set forth herein.

29.     The Debtors transferred the Fees and Loan Payments to Frost with intent to hinder, delay, and defraud their creditors or without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the Debtors were engaged or were about to engage in a business or a transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction or intended to incur, or believed or reasonably should have believed that the Debtors' would incur, debts beyond the debtor's ability to pay as they became due. (Tex. Bus. & Com. Code § 24.005(a)(1)-(2)).

30.     The Debtors transferred the Fees and Loan Payments to Frost for less than reasonably equivalent value, which transfers were made when the Debtors were insolvent or the transfers rendered it insolvent. (Tex. Bus. & Com. Code § 24.006(a)).

31.     The Trustee seeks the avoidance and recovery of the Fees and Loan Payments for the benefit of the Debtors' estates.

32.     The Trustee brings these claims within one year after he discovered or could reasonably have discovered the fraudulent nature of the transfers.

33.     The Trustee is entitled to recover his reasonable attorneys' fees and costs incurred in the prosecution of this matter. (Tex. Bus. & Com. Code §24.013).

## VI.
## PRAYER

For the reasons above, the Trustee respectfully requests that it have and recover from Frost Bank judgment avoiding and recovering the fraudulent transfers, awarding the Trustee monetary damages, including all actual damages, consequential, punitive damages, pre-and post-judgment interest, and reasonable attorneys' fees and costs; and granting the Trustee all such other and further relief, at law or in equity, to which he may be justly entitled.

Dated: May 31, 2024

Respectfully submitted,

*/s/ Francisco Guerra, IV.*
FRANCISCO GUERRA, IV.
Tex. Bar No. 00796684
Email: fguerra@guerrallp.com
JORGE L. MARES
Tex. Bar No. 24087973
Email: jmares@guerrallp.com
EDWARD ALLRED
Tex. Bar No. 50511764
Email: eallred@guerrallp.com
ALEXIS R. GARCIA
Tex. Bar No. 24117204
Email: argarcia@guerrallp.com
JESSICA PEISEN
Tex. Bar No. 24118196
Email: jpeisen@guerrallp.com
DAVID FUENTES
Tex. Bar No. 24132048
Email: dfuentes@guerrallp.com
KELSEY ABBEY
State Bar No. 24115652
Email: kabbey@guerrallp.com

**GUERRA LLP**
875 East Ashby Place
Suite 1200
San Antonio, Texas 78212
Telephone: (210) 447-0500
Facsimile: (210) 447-0501

-and-

Jason M. Rudd
Tex. Bar No. 24028786
Email: jason.rudd@wickphillips.com
Jacob T. Fain
Tex. Bar No. 24053747
Email: jacob.fain@wickphillips.com
Scott D. Lawrence
Tex. Bar No. 24087896
Email: scott.lawrence@wickphillips.com

**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, TX 75204
Phone: (214) 692-6200
Fax: (214) 692-6255

COUNSEL FOR ERIC TERRY, CHAPTER 11
TRUSTEE FOR THE ESTATES OF CHRIS PETTIT &
ASSOCIATES AND CHRISTOPHER JOHN PETTIT

## CERTIFICATE OF SERVICE

I certify that on the 31st of May 2024, a copy of the foregoing, Plaintiff's Original Complaint, was filed electronically and served by e-mail or by mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

*/s/ Francisco Guerra, IV.*
Francisco Guerra, IV.

## ECF SERVICE LIST

| | | |
|---|---|---|
| Leslie M. Luttrell<br>Lutrell + Carmody Law Group<br>100 NE Loop 410, Suite 615<br>San Antonio, TX 78216<br>luttrell@lclawgroup.net | Bill Kingman<br>Law Offices of William B. Kingman, P.C.<br>3511 Broadway<br>San Antonio, TX 78209<br>bkingman@kingmanlaw.com | Caroline Newman Small<br>Davis & Santos, PLLC<br>719 S. Flores Street<br>San Antonio, TX 78204<br>csmall@dslawpc.com |
| Michael C. Sanders<br>Sanders LLP<br>P.O. Box 27932<br>Houston, TX 77227<br>mcs@sandersfirm.law | Don Stecker<br>Linebarger Goggan Blair & Sampson<br>112 E. Pecan, Suite 2200<br>San Antonio, TX 78205<br>don.stecker@lgbs.com | David S. Gragg<br>Langley & Banack, Inc.<br>745 East Mulberry Ave., Suite 700 San Antonio, TX 78212<br>dgragg@langleybanack.com |
| Carl J. Kolb<br>Carl J. Kolp, P.C.<br>926 Chulie Dr.<br>San Antonio, TX 78216<br>service@carlkolblaw.com | William P Germany<br>Bayne, Snell & Krause<br>1250 N.E. Loop 410, Suite 725<br>San Antonio, TX 7820<br>wgermany@bsklaw.com | Elizabeth G. Smith<br>Law Offices of Elizabeth G. Smith 6655 First Park Ten, Suite 240<br>San Antonio, TX 78213<br>beth@egsmithlaw.com |
| Elliott S. Cappuccio<br>Pulman, Cappuccio & Pullen, LLP<br>2161 NW Military Hwy, Ste 400<br>San Antonio, TX 78213<br>ecappuccio@pulmanlaw.com | Anna K. MacFarlane<br>Pulman, Cappuccio & Pullen, LLP<br>2161 NW Military Hwy, Ste 400<br>San Antonio, TX 78213<br>amacfarlane@pulmanlaw.com | Lee Gordon<br>McCreary, Veselka, Bragg & Allen, P.C.<br>P.O. Box 1269<br>Round Rock, TX 78680<br>bankruptcy@mvbalaw.com |
| David A. Jones<br>DJ Law<br>110 E. Houston Street, 8th Floor<br>San Antonio, TX 78205<br>david@djlawpartners.com | Gerrit Schulze<br>Shumway Van<br>13750 San Pedro, Suite 810<br>San Antonio, TX 78232<br>Gerrit@shumwayvan.com | Alexander Wyatt Wright<br>Wayne Wright LLP<br>5707 W Interstate 10<br>San Antonio, TX 78201<br>wyatt@waynewright.com |
| Randall A. Pulman<br>Pulman Cappuccio & Pullen LLP 2161 NW Military Hwy, Suite 400 San Antonio, TX 78213<br>rpulman@pulmanlaw.com | Duane J. Brescia<br>Clark Hill Strasburger<br>720 Brazos Street, Ste. 700<br>Austin, TX 78701 dbrescia@clarkhill.com | Martin Seidler<br>Law Offices of Martin Seidler<br>11107 Wurzbach, Suite 504<br>San Antonio, TX 78230<br>marty@seidlerlaw.com |
| Christopher Adams<br>Okin Adams LLP<br>1113 Vine St, Suite 240<br>Houston, TX 77002<br>cadams@okinadams.com | Jarrod Martin/ Reagan "Tres" Gibbs III<br>Chamberlain Hrdlicka<br>1200 Smith Street, Suite 1400<br>Houston, TX 77002<br>jarrod.martin@chamberlainlaw.com<br>tres.gibbs@chamberlainlaw.com | Dean William Greer Dean W. Greer<br>2929 Mossrock, Suite 204 San Antonio, TX 78230-5141<br>dean@dwgreerlaw.com |

| Lisa C. Fancher<br>Fritz, Byrne, Head & Gilstrap<br>221 W Sixth Street, Ste 960<br>Austin, TX 78701<br>lfancher@fbhg.law | Brenda A Likavec<br>Codilis & Moody, P.C.<br>400 N. Sam Houston Pkwy E. Ste 900a<br>Houston, TX 77060<br>brenda.likavec@il.cslegal.com | David C. Alford<br>Pakis, Giotes, Page & Burleson<br>400 Austin Ave., Ste. 400<br>P. O. Box 58<br>Waco, TX 76703-0058<br>alford@pakislaw.com |
|---|---|---|
| David N. Deaconson<br>Pakis, Giotes, Page & Burleson<br>P. O. Box 58<br>Waco, TX 76703-0058<br>deaconson@pakislaw.com | James Samuel Wilkins<br>James S. Wilkins, PC<br>1100 NW Loop 410, Suite 700 San Antonio, TX 78213<br>jwilkins@stic.net | Mark W. Steirer<br>Law Office of Mark Steirer<br>10330 White Rock Place<br>Dallas, TX 75238<br>marksteirer@sbcglobal.net |
| Matthew Mark Cowart<br>Law Offices of Matthew M. Cowart<br>6609 Blanco Road, #235<br>San Antonio, TX 78216<br>mcowartlaw@yahoo.com | Raymond W. Battaglia<br>Law Offices of Ray Battaglia, PLLC 66 Granburg Circle<br>San Antonio, TX 78218<br>rbattaglialaw@outlook.com | United States Trustee –<br>SA12 US Trustee's Office<br>615 E Houston, Suite 533<br>San Antonio, TX 78295-1539<br>USTPRegion07.SN.ECF@usdoj.gov |
| Stephen W. Sather<br>Barron &Newburger, P.C.<br>7320 N. MoPac Expwy., Ste 400<br>Austin, TX 78731<br>ssather@bn-lawyers.com | Abbey U. Dreher<br>Barrett Daffin Frappier Turner & Engel<br>4004 Belt Line Rd., Ste. 100<br>Addison, TX 75001<br>WDECF@BDFGROUP.COM | Julia W. Mann<br>Jackson Walker LLP<br>112 E Pecan St, Suite 2400<br>San Antonio, TX 78205<br>jmann@jw.com;<br>laguilar@jw.com |
| William H. Oliver<br>Oliver Law Firm<br>7898 Broadway, Suite 120<br>San Antonio, TX 78209<br>wholiver@oliverlawfirmsa.com | J. Scott Rose<br>Jackson Walker, LLP<br>112 E Pecan St, Suite 2400<br>San Antonio, TX 78205<br>srose@jw.com; kgradney@jw.com | John F. Carroll<br>111 West Olmos Drive<br>San Antonio, TX 78212<br>jcarrollsatx@gmail.com |
| Eric Terry<br>Eric Terry Law, PLLC<br>3511 Broadway<br>San Antonio, TX 78209<br>eric@ericterrylaw.com | Aubrey L. Thomas<br>Office of the US Trustee, Region 7 615 E. Houston St., Suite 533<br>San Antonio, TX 78205<br>aubrey.thomas@usdoj.gov | Mercedes-Benz Financial Services USA<br>c/o Ed Gezel, Agent/ BK Servicing<br>P.O. Box 131265<br>Roseville, MN 55113-0011<br>notices@bkservicing.com |
| Jennifer Francine Wertz<br>Jackson Walker LLP<br>100 Congress Avenue, Suite 1100<br>Austin, TX 78701<br>kgradney@jw.com;<br>jwertz@jw.com;<br>dtrevino@jw.com | Brian Dennis<br>Lang Law Firm P.C.<br>10500 Heritage Blvd., Suite 200<br>San Antonio, TX 78216<br>brian@langfirm.com;<br>evangelina@langfirm.com | Vincent P. Slusher/ Kristen L. Perry Faegre Drinker Biddle & Reath LLP 1717 Main Street, Suite 5400<br>Dallas, TX 75201<br>vince.slusher@faegredrinker.com |

| | | kristen.perry@faegredrinker.com |
|---|---|---|
| Julie Parsons<br>McCreary Veselka Bragg & Allen PC<br>PO Box 1269<br>Round Rock, TX 78680<br>jparsons@mvbalaw.com | Blake Rasner<br>Haley & Olson, PC<br>100 N. Ritchie Road, Suite 200<br>Waco, TX 76712<br>brasner@haleyolson.com | Joseph Little<br>The Little Law Firm PC<br>440 Louisiana Street, Suite 900<br>Houston, TX 77002<br>jrl@littlelawtexas.com |
| H. Anthony Hervol<br>Law Office of H. Anthony Hervol<br>4414 Centerview Drive, Suite 207<br>San Antonio, TX 78228<br>hervol@sbcglobal.net | Kathryn N. Dahlin<br>Codilis & Moody, P.C.<br>400 N. Sam Houston Pkwy E., Ste 900 A Houston, TX 77060<br>TX.bkpleadingsWEST@tx.cslegal.com | Morris E. "Trey" White III<br>Villa & White, LLP<br>1100 NW Loop 410 #802<br>San Antonio, TX 78213<br>treywhite@villawhite.com |
| Guillermo A. Flores, Jr.<br>Law Offices of G.A. Flores, Jr. 630 Broadway<br>San Antonio, TX 78215<br>gafloreslaw@yahoo.com | Diane W. Sanders<br>Linebarger Goggan Blair & Sampson<br>P.O. Box 17428<br>Austin, TX 78760-7428<br>austin.bankruptcy@lgbs.com | Michael J. Black<br>Burns & Black, PLLC<br>750 Rittiman Road<br>San Antonio, TX 78209-5500<br>mblack@burnsandblack.com |
| Charlie Shelton<br>Hayward PLLC<br>901 MoPac Expressway S., Bldg. 1, # 300<br>Austin, TX 78746<br>CShelton@HaywardFirm.com | Jay H. Ong<br>Munsch Hardt Kopf & Harr, P.C.<br>1717 West 6th Street, Suite 250<br>Austin, TX 78703<br>jong@munsch.com | Melissa S. Hayward<br>Hayward PLLC<br>10501 N. Central Expy, Ste. 106<br>Dallas, TX 75231<br>MHayward@HaywardFirm.com |
| Mark B. French<br>Law Office of Mark B. French 1901 Central Drive, Suite 704<br>Bedford, TX 76021<br>mark@markfrenchlaw.com | Tara L. LeDay<br>Chamberlain, Hrdlicka<br>1200 Smith Street, Suite 1400<br>Houston, TX 77002<br>tara.leday@chamberlainlaw.com | David McQuade Liebowitz<br>Law Offices of David Leibowitz<br>517 Soledad Street<br>San Antonio, TX 78205<br>service@leibowitzlaw.com |
| Thomas M. Farrell McGuireWoods LLP<br>845 Texas Avenue, Suite 2400<br>Houston, TX 77002<br>tfarrell@mcguirewoods.com | John Thomas Oldham<br>Okin Adams LLP<br>1113 Vine St, Suite 240<br>Houston, TX 77002<br>joldham@okinadams.com | Michael Flume<br>Flume Law Firm, LLP<br>1020 N.E. Loop 410, Suite 530<br>San Antonio, TX 78209<br>mflume@flumelaw.net |
| John W. Hodges, Jr.<br>Hendley and Hodges Law PLLC<br>29710 US Hwy 281 N, Ste 300<br>Bulverde, Texas 78163<br>john@hhtx.law | Steven E. Seward<br>Assistant U.S. Attorney<br>601 N.W. Loop 410, Suite 600<br>San Antonio, TX 78216<br>Steven.Seward@usdoj.gov | Ronald J. Smeberg<br>The Smeberg Law Firm, PLLC<br>4 Imperial Oaks<br>San Antonio, TX 78248<br>ron@smeberg.com |
| Trey A. Monsour<br>Fox Rothschild LLP | Kayla Britton/ Elizabeth Little<br>Faegre Drinker Biddle & Reath LLP | Courtney J. Hull/ Asst Atty General<br>Attorney General's Office |

| | | |
|---|---|---|
| 2501 N. Harwood Street, # 1800<br>Dallas, TX 75201-0889<br>tmonsour@foxrothschild.com | 600 E. 96th Street, Suite 600<br>Minneapolis,      MN      55402<br>kayla.britton@faegredrinker.com<br>elizabeth.little@faegredrinker.com | Bankruptcy & Collections Division<br>P.O. Box 12548<br>Austin, TX 78711-2548<br>sherri.simpson@oag.texas.gov |
| Lawrence Morales II<br>The Morales Firm, P.C.<br>6243 W. Interstate 10, Suite 132<br>San Antonio, TX 78201<br>lawrence@themoralesfirm.com | Robert Barrows<br>Langley & Banack, Inc.<br>745 East Mulberry Ave., Suite 700<br>San      Antonio,      TX      78212<br>rbarrows@langleybanack.com | Mitchell Buchman<br>Barrett Daffin Frappier Turner &<br>Engel<br>1900 St. James Place, Suite 500<br>Houston, TX 77056<br>sdecf@bdfgroup.com |
| Clint Buck<br>Branscomb, PLLC<br>4630 N Loop 1604 West, Ste 206<br>San Antonio, TX 78249<br>cbuck@branscomblaw.com | John F. Carroll<br>111 West Olmos Drive<br>San Antonio, TX 78212<br>jcarrollsatx@gmail.com | Wells Fargo Bank, NA<br>Jarrod D. Shaw/Alexander Madrid<br>McGuireWoods, LLP<br>260 Forbes Avenue, Suite 1800<br>Pittsburgh, PA 1522<br>jshaw@mcguirewoods.com<br>amadrid@mcguirewoods.com |
| Jason Rudd & Scott Lawrence<br>Wick Phillips Gould & Martin, LLP<br>3131 McKinney Ave., Suite 500<br>Dallas, TX 75204<br>Jason.rudd@wickphillips.com<br>Scott.lawrence@wickphillips.com | Lauren E. Hayes & Lynn Butler<br>Husch Blackwell LLP<br>111 Congress Avenue, Suite 1400<br>Austin, TX 78701<br>lauren.hayes@huschblackwell.co<br>lynn.butler@huschblackwell.com | Norton Rose Fulbright US LLP<br>Michael O'Donnell, Steve Peirce<br>111 W. Houston Street, Suite 1800<br>San Antonio, TX 78205<br><br>mike.odonnell@nortonrosefulbright<br>steve.peirce@nortonrosefulbright |
| Norton Rose Fulbright US LLP<br>Stephen Mark Dollar<br>1301 Avenue of the Americas<br>New York, NY 10019<br>steve.dollar@nortonrosefulbright | Norton Rose Fulbright US LLP<br>Ryan Meltzer<br>98 San Jacinto Blvd., Suite 1100<br>Austin, TX 78701<br>ryan.meltzer@nortonrosefulbright | |