

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 01, 2024.**

_____
**CRAIG A. GARGOTTA
CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-50591-CAG |
| | § | |
| CHRIS PETTIT & ASSOCIATES, P.C. | § | CASE NO. 22-50592-CAG |
| | § | |
| CHRISTOPHER JOHN PETTIT | § | CHAPTER 11 PROCEEDINGS |
| | § | (Jointly Administered Under |
| Jointly Administered Debtors.[1] | § | Case No. 22-50591-CAG) |
| | § | |

**ORDER GRANTING JOINT MOTION UNDER BANKRUPTCY RULE 9019 TO APPROVE COMPROMISE AND SETTLEMENT AMONG COUNSEL FINANCIAL ENTITIES, MARK AND ROBIN VERSTUYFT, AND ERIC TERRY, CHAPTER 11 TRUSTEE FOR THE BANKRUPTCY ESTATES OF CHRISTOPHER JOHN PETTIT AND CHRIS PETTIT & ASSOCIATES, P.C.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's Social Security Number or Federal Tax Identification Number, as applicable, are: Chris Pettit & Associates, P.C. (1267), and Christopher John Pettit (9429).

Came on to be considered the *Joint Motion under Bankruptcy Rule 9019 to Approve Compromise and Settlement among Counsel Financial Entities, Mark and Robin Verstuyft, and Eric Terry, Chapter 11 Trustee for the Bankruptcy Estates of Christopher John Pettit and Chris Pettit & Associates, P.C.* (the "Motion")[2] and the underlying *Settlement Agreement and Mutual Release* attached hereto as **Exhibit 1** (the "Settlement Agreement"). The Court, after considering the pleadings, the representations of the parties and their counsel, and the evidence presented at the hearing on the Motion, finds that: (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has the constitutional authority to enter a final order on the Motion; (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (d) proper and adequate notice of the Motion and hearing hereon has been given and no other or further notice is necessary; (e) approval of the settlement set out in the Settlement Agreement and granting the relief requested in the Motion is in the best interests of the Estates and their creditors, and (f) good and sufficient cause exists for granting the relief requested set forth herein.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The Trustee is authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order and in furtherance of and to comply with the Settlement Agreement. The Trustee is specifically authorized to distribute the proceeds from the Trustee's sale of 6649 Seacomber Drive, Unit 201, Port Aransas, Texas 78373 ("Seacomber") held pursuant to the Court's Order Granting Motion to Approve Compromise and Settlement with Sin Reposo, LLC (the "Sin Reposo Order") [ECF No. 452]; and (ii) the Order

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion.

Granting Chapter 11 Trustee's Unopposed Motion to Approve Sale of Seacomber Property Free and Slear of all Liens, Claims, Encumbrances, and other Interests (the "Sale Order" [ECF No. 853]) as follows pursuant to the terms of the Settlement Agreement:

  a. The Trustee shall pay by check to the Verstuyft Parties $200,000.00 made payable jointly to Mark and Robin Verstuyft and the Luttrell + Carmody Law Group;

  b. The Trustee shall pay by check to CF $200,000.00;

  c. The Trustee shall retain, and to the extent necessary, transfer, $253,751.56 for the benefit of the Estates, which funds are now unencumbered property of the Estates, not subject to any interest, lien, claim, or encumbrance, and are free of any reservations from the Sin Reposo Order or the Sale Order; and

  d. To the extent the Persyn Parties establish an allowed claim to $7,531.46 or less of the Seacomber Funds, the Trustee shall pay the allowed amount to the Persyn Parties.

3. Proofs of claim number 104 in Case No. 22-50592 and 159 in Case No. 22-50591 (together, the "CFH Proofs of Claim") and proofs of claim number 105 in Case No. 22-50592 and 160 in Case No. 22-50591 (together, the "CFII Proofs of Claim", together with the CFH Proofs of Claim, the "CF Proofs of Claim") shall be treated in accordance with Settlement Agreement Section 3. Specifically, effective upon CF's receipt of the CF Settlement Amount:

  a. The CFH Proofs of Claim are reduced and allowed as a single claim in the total amount of $2,250,000.00, jointly and severally against the Estates and Guarantors (the "Agreed CFH Claim"); and

  b. CF shall release the CFII Proofs of Claim with CF preserving the right to collect from CF's interests in Security Life of Denver Insurance Company Policy No. 0660018841.

4. The Agreed CFH Claim shall be secured pursuant to the terms of Settlement Agreement Section 3. As detailed in and subject to the provisions of the Settlement Agreement, including Section 3.5, the collateral description in the UCC Financing Statement CF filed against

the Debtors as Texas Secretary of State UCC File Number 13-0013982017 on May 2, 2013 is amended to the following (the "Amended Collateral Description"):

> [a]ll of each Debtor's right, title and interest in all Goods (including, Equipment and Inventory), Accounts, Chattel Paper, Investment Property (perfected only as to shares owned in corporations including but not limited to Oak Hills Financial Group, Inc., and Piccoli Properties, Inc.), Documents and General Intangibles (including payment intangibles), Insurance Proceeds (only if proceeds of collateral in which Counsel Financial has a properly perfected security interest) and potentially other personal property (whether or not subject to the UCC), with the lien attachment and perfection thereon to be determined hereafter on a case by case basis by applicable non-UCC law, and all interest, dividends and other distributions thereon paid and payable in cash or in property; and all replacements and substitutions for, and all accessions and additions to, and all profits, offspring, Products and other Proceeds of, all of the foregoing.
>
> The Collateral includes, without limitation, any right to payment of any Debtor for client representation or referral (whether such right to payment is on a contingent, hourly, fixed fee or other basis) and for Costs and Expenses (as defined in the Note), whether or not yet earned by performance, and the proceeds thereof, including Net Fees and Expenses (as defined in the Note).

5. The Court shall retain jurisdiction with respect to all matters related to the interpretation, implementation and enforcement of the Settlement Agreement and this Order.

# # #

Prepared and submitted by:

Jason M. Rudd, Tex. Bar No. 24028786
Scott D. Lawrence, Tex. Bar No. 24087896
Wick Phillips Gould & Martin, LLP
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Phone: 214.692.6200
Fax: 214.692.6255
jason.rudd@wickphillips.com
scott.lawrence@wickphillips.com
catherine.curtis@wickphillips.com

**COUNSEL FOR THE CHAPTER 11 TRUSTEE**